FILED

JUL 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARMESH SINGH SHEEMAR,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-71110<br><br>Agency No. A073-426-189<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Harmesh Singh Sheemar, a native and citizen of India, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his motion to reopen deportation

proceedings conducted in absentia.  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reopen, and de novo due process violations in immigration proceedings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Sheemar's motion to reopen because the record indicates that written notice of his July 18, 1996, hearing was personally served on him at his May 9, 1996, hearing, *see* 8 U.S.C. § 1252b(a)(2)(A) (1995), and the evidence submitted with the motion to reopen failed to establish grounds for tolling the 180-day filing deadline, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (equitable tolling is available to a petitioner who is prevented from filing due to deception, fraud, or error, and exercises due diligence in discovering such circumstances). It follows that the agency did not violate Sheemar's due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for due process violation).

Sheemar's remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED**.